# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 18, 2020

159346 & (56)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JACQUES JEAN KABONGO,
      Defendant-Appellant.

_____/

SC: 159346
COA: 338733
Wayne CC: 16-010745-FH

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

      On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the December 27, 2018 judgment of the Court of Appeals is considered, and it is GRANTED, limited to the issues: (1) whether the prosecution's exercise of a peremptory challenge against prospective juror no. 2 violated *Batson v Kentucky*, 476 US 79 (1986); (2) whether the trial court erroneously precluded the defendant from exercising a peremptory challenge against prospective juror no. 5; (3) if so, whether such an error should be subject to automatic reversal or harmless error review, *Rivera v Illinois*, 556 US 148, 162 (2009) (holding that a trial court's erroneous denial of a defendant's peremptory challenge, standing alone, is not a structural error under the federal constitution requiring automatic reversal, but that "[s]tates are free to decide, as a matter of state law, that a trial court's mistaken denial of a peremptory challenge is reversible error *per se*") and compare, e.g., *People v Bell*, 473 Mich 275, 292-295 (2005) (stating in arguable dictum that harmless error review applies to such errors) with *Hardison v State*, 94 So 3d 1092, 1101 & n 37 (Miss, 2012) (plurality opinion) (citing "[a]t least five states" that have adopted an automatic reversal rule as a matter of state law and following those states); and (4) if so, whether reversal is warranted in this case.

      The time allowed for oral argument shall be 20 minutes for each side. MCR 7.314(B)(1). The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 18, 2020



t0311

Clerk